Firpo W. CARR, PhD, Plaintiff–Appellant,

v.

CITY OF REDONDO BEACH; et al., Defendants–Appellees,

and

Sandra Dell, in her individual and official capacity, Defendant.

No. 06–56188.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2008.*

Filed April 22, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of Rochelle Evans Jackson, Orange, CA, for Plaintiff-Appellant.

Mildred K. O'Linn, Esq., Julie M. Fleming, Esq., Manning & Marder Kass Ellrod Ramirez LLP, Los Angeles, CA, for Defendants-Appellees.

Before: GOODWIN, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM **

Firpo Carr sued the City of Redondo Beach, claiming that City police officers violated his Fourth Amendment rights and committed various state law torts during the course of an investigatory stop. Carr appeals from the district court's grant of the City's motion for summary judgment on all claims. For the reasons set forth below, the district court's decision is AFFIRMED.

Viewing the evidence in the light most favorable to Carr, we conclude that

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

there is no genuine issue of material fact with respect to any of Carr's claims. *See United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003). The stop did not violate the Fourth Amendment because it was based on reasonable suspicion supported by the articulable facts provided by a citizen who reported that she thought that a man matching Carr's description was burglarizing her neighbor. *See Reid v. Georgia*, 448 U.S. 438, 440, 100 S.Ct. 2752, 65 L.Ed.2d 890 (1980). Nor was the length of the stop, approximately 20–25 minutes, constitutionally infirm, as it was limited to the time necessary to investigate the report and to determine that no crime had been committed. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 992 (9th Cir.2002).

■ Given the nature of the crime suspected, and the report from the neighbor of large, full pockets, it was reasonable for one officer to draw his gun (which he did not point at Carr) and for another to conduct a pat down search of Carr's person to determine if he had a weapon. *See Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The amount of force used to carry out the pat down was objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir.2001).

■ There is also no genuine issue of material fact with respect to Carr's claim under *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), because there was no constitutional violation. Carr's state law tort claims of intentional infliction of emotional distress, assault, battery, and false imprisonment fail for the same reason. Though Carr turned out to be wholly innocent of wrongdoing, there is no evidence of any unconstitutional motive or conduct by the police, just a reasonable investigation of the neighbor's call.

AFFIRMED.